PAWLOWSKI *v.* VAN PAMEL.

NEGLIGENCE—SIMPLE TOOL.
> Defendant employer, a truck farmer, who provided plaintiff, a
> part-time employee, with a commercially made extension ladder
> which had a loose rung that would turn when stepped on, with-
> out warning plaintiff of such defect *held,* not liable as a matter
> of law in action for injuries sustained by plaintiff by reason
> of such defect, where evidence shows he had discovered it,
> since it was a simple tool.

Appeal from Macomb; Carroll (Howard R.), J.
Submitted October 3, 1962. (Docket No. 13, Calen-
dar No. 49,128.) Decided December 4, 1962.

Case by Casemere Pawlowski against Henry Van
Pamel for personal injuries sustained on defective
ladder while painting. Verdict and judgment for
plaintiff. Defendant appeals. Reversed and re-
manded for entry of judgment for defendant *non
obstante veredicto.*

*Ward, Plunkett & Cooney (John D. Hayes,* of
counsel), for defendant.

DETHMERS, J. Defendant appeals from judgment
for plaintiff, based on a jury verdict in a negligence
action. Defendant contends that the court erred in
denying his motions for directed verdict and for
judgment *non obstante veredicto.*

---

REFERENCES FOR POINTS IN HEADNOTE
38 Am Jur, Negligence §§ 171–173.

Plaintiff worked on a part-time basis for defendant on his truck farm. He had been painting defendant's house. For that he used a short, homemade ladder of defendant. While plaintiff was so engaged, defendant told him that after finishing the house he could paint the garage. It was a taller building for which the said ladder was not long enough. Consequently, plaintiff took defendant's commercially made extension ladder which was hanging in a shed on the farm. Plaintiff assembled the ladder and set it against the garage. Both while climbing and descending the ladder the first time he noticed that the second rung from the bottom turned or spun when he stepped on it. He did not at any time inspect the ladder and he paid no attention to the loose rung, although he knew it would turn when he stepped on it with his toes. Despite that knowledge, plaintiff, nonetheless, ascended the ladder a second time and that time also noticed that the rung was loose. Thereafter, he descended the ladder with a can of paint in one hand and a paintbrush in the other. When he again stepped with his toes or the fore part of his foot on the second rung from the bottom it turned and he fell to the ground, injuring his knees. For that, this suit was brought.

Defendant had known previously that 2 or 3 rungs in that ladder would become loose in dry weather. He knew how to step on the rung with his instep so that it would not turn. He did not mention this to plaintiff because he thought plaintiff knew about the ladder.

Defendant says that the ladder comes within the classification of a "simple tool," that, hence, he had no duty to warn plaintiff about its condition, which plaintiff could have seen by ordinary observation, and that it was error, accordingly, to submit the question of defendant's negligence to a jury.

Cited is *Rule* v. *Giuglio*, 304 Mich 73 (145 ALR 537). It is controlling here. In that case, plaintiff was injured by reason of the breaking of the ladder on which he stood while working. The ladder had been furnished to him for that purpose by defendant, his employer. This Court held that it was a simple tool; that the plaintiff was as well qualified as defendant to examine the ladder, to detect the defect in it and to judge the probable danger of using it; that defendant employer was not liable for defects in the ladder or for failure to inspect it; and that the trial court had not erred in causing entry of a judgment *non obstante veredicto* for defendant.

Here, both plaintiff and defendant knew of the defect in the ladder. Under *Giuglio* defendant was not guilty of negligence, which was a proximate cause of plaintiff's injury, in furnishing a defective ladder and not warning plaintiff about it.

Reversed and remanded for entry of judgment *non obstante veredicto* for defendant. Costs to defendant.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.