WILLARD v DORE

NEGLIGENCE—LADDER—SIMPLE TOOL.

    Whether a 16-foot ladder was a simple tool, so that the user could detect defects in it and judge the probable danger of using it, was a question of fact properly left to the jury, where there was testimony that the ladder was of a unique design and that the user lacked prior knowledge of the defects and lacked the ability to determine if the ladder was defective.

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 April 7, 1972, at Grand Rapids. (Docket No. 11639.) Decided June 26, 1972. Leave to appeal denied, 388 Mich 777.

Complaint by Leona Willard against Gayle M. Dore for negligence. Judgment for plaintiff. Defendant appeals. Affirmed.

*Halbower, Ruck & Flynn,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and BORRADAILE,* JJ.

BORRADAILE, J. Plaintiff Leona Willard, a farm worker, was injured while picking apples when she fell off a 16-foot ladder provided by defendant, Gayle M. Dore. Plaintiff claimed that defendant

REFERENCE FOR POINTS IN HEADNOTE

57 Am Jur 2d, Negligence §§ 6, 7, 9.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was negligent in not determining if the ladder was unsafe. The jury found for plaintiff in the amount of $10,000. Defendant appeals as of right.

Defendant contends that the trial court erred in not granting his motion for directed verdict based on the applicability of the simple-tool doctrine. The rationale of the simple-tool doctrine was stated in *Rule v Giuglio,* 304 Mich 73, 79–80 (1942):

"The next and most serious question is whether or not the ladder furnished by defendant and used by plaintiff at the time of the accident was within the classification of a simple tool. If such ladder was not a simple tool, it was defendant's duty to make proper inspection and necessary repair thereof and to furnish plaintiff with a reasonably safe ladder to do the painting work. However, defendant would not be under such duty to plaintiff if the ladder used was within the classification of a simple tool, because under the simple-tool doctrine plaintiff would be as well qualified as defendant to examine such ladder, to detect defects therein, and to judge the probable danger of using it."

In delineating the applicability of the simple-tool doctrine, the Michigan Supreme Court stated in *Rule,* p 82, that:

" 'What is, or is not, a simple tool under the rule stated, and the duty to inspect if it is not, depends much upon the use to which it is to be put by the employee. His age, his incapacity to appreciate danger, the nature of the employment, his familiarity with the work to be done, these and many other things may be considered in determining the obligation resting on the employer to make inspection. His nonliability in such cases rests upon the assumption that the employee is in as good, if not better, position to observe the defect as the employer. *Meyer v Ladewig,* 130 Wis 566 (110 NW 419, 13 LRA [NS] 684).' "

On the basis of this test, the *Rule* Court held that plaintiff's previous use of the ladder in question had given him sufficient knowledge of its condition to allow the simple-tool doctrine to apply. Similarly, in *Pawlowski v Van Pamel,* 368 Mich 513 (1962), the other leading case in Michigan on the simple-tool doctrine, plaintiff's knowledge of the condition of a defective ladder was used to justify the applicability of the simple-tool doctrine.

In instructing the jury, the trial judge recognized that there was conflicting testimony as to whether or not the ladder was a simple tool. He, therefore, instructed the jury that the determination of whether or not plaintiff was qualified to detect the defects in the ladder, whether or not plaintiff was qualified to judge the probable danger of the defect in using the ladder, and whether or not the defect itself was observable by ordinary observation, were all questions of fact which a jury should determine.

We believe the record supports the trial judge's decision that the issue of whether or not the ladder was a simple tool was a question of fact for the jury. Unlike the *Rule* and *Pawlowski* cases, there was sufficient evidence to support the plaintiff's contention that the ladder was of a unique design and that she lacked the prior knowledge and the ability to determine if the ladder was defective.

Affirmed. Costs to plaintiff.

All concurred.