## WICKLUND v DRAPER

Docket No. 94922. Submitted November 18, 1987, at Lansing. Decided April 4, 1988.

Noel Wicklund filed an action in the 74th District Court, alleging breach of contract against Lois J. Draper and Philip Draper, doing business as Phil Draper's Service. After the close of proofs, but before the jury was instructed, the original six-person jury was reduced to five when a juror became ill and was excused by the trial court with the consent of the parties. After the jury was instructed, but before deliberations, a second juror became ill and was excused by the trial court. Plaintiff indicated his willingness to proceed with a four-person jury and, over defendants' objections, the trial court allowed the case to proceed. The jury returned a unanimous verdict in favor of defendants. On appeal by plaintiff, the Bay Circuit Court, John X. Theiler, J., found the use of a four-person jury improper in the absence of a stipulation by the parties and remanded the case to the district court for a new trial. Defendants sought and were granted leave to appeal.

The Court of Appeals *held:*

A civil jury must consist of at least six jurors absent a stipulation by the parties for a lesser number. A trial court is without authority to proceed with less than six jurors absent such stipulation. However, a party's failure to timely object to a civil jury of less than six jurors waives his right to object to the validity of the verdict on appeal.

Reversed and remanded to the circuit court for consideration of other issues raised on appeal to that court.

1. JURY — CIVIL CASES — NUMBER OF JURORS.

A jury in a civil case must consist of at least six jurors in the absence of a stipulation by the parties for a lesser number of jurors (MCL 600.1352; MSA 27A.1352; MCR 2.512[A]).

REFERENCES

Am Jur 2d, Jury §§ 124, 131.

Proper procedure upon illness or other disability of civil case juror. 99 ALR2d 684.

Sufficiency of waiver of full jury. 93 ALR2d 410.

2. Jury — Civil Cases — Number of Jurors — Appeal.

> A trial court is without authority to proceed in a civil case with less than six jurors absent a stipulation by the parties for a jury of less than six members; however, a party's failure to timely object to a jury of less than six jurors waives his right to object to the validity of the verdict on appeal (MCL 600.1354; MSA 27A.1354).

*UAW-GM Legal Services Plan* (by *Kris A. Van Thielen* and *Dorothy G. Palumbo*), for plaintiff.

*Lambert, Leser, Dahm, Giunta, Cook & Schmidt, P.C.* (by *Kenneth W. Schmidt* and *David L. Powers*), for defendants.

Before: M. J. Kelly, P.J., and G. R. McDonald and J. D. Payant,* JJ.

G. R. McDonald, J. Defendants appeal by leave granted from an August 14, 1986, order of the Bay Circuit Court remanding this case to the 74th District Court for a new trial.

Plaintiff filed a breach of contract suit in the district court for improper repair of his automobile. After the close of proofs, but before the jury was instructed, the original six-person jury was reduced to five when a juror became ill and was excused with the consent of the parties. Subsequently, after the jury was instructed, but prior to deliberations, a second juror became ill and was excused by the court. At that time, plaintiff indicated that he was willing to proceed with four jurors provided the verdict was unanimous. Defendants objected to proceeding with only four jurors and moved for a mistrial. The court denied defendants' motion and proceeded with the case before a panel of four jurors. The jury returned a unanimous verdict in favor of defendants.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff appealed to the circuit court claiming the trial court erred in submitting the case to a four-person jury. The circuit court found the use of a four-person jury improper in the absence of a stipulation by the parties, and remanded to the district court for a new trial. We granted defendants leave to appeal by order dated March 3, 1987.

Defendants raise two issues on appeal. Defendants first claim the circuit court erred in finding improper a jury consisting of four members absent both parties' stipulation to proceeding with this number. We disagree.

MCL 600.1352; MSA 27A.1352 provides:

> In civil cases commenced in a court governed by this chapter, when a trial by jury is requested in accordance with rules of the supreme court, the trial *shall* be by a jury of 6. Except in cases involving the possible commitment of a person to a mental, correctional or training institution, a verdict in any civil case including condemnation and grade separation cases *shall* be received when 5 jurors agree. In civil cases involving the possible commitment to a mental, correctional or training institution, the court shall receive only a unanimous verdict. [Emphasis added.]

This statute mandates trial by a jury of six when a jury trial is requested, and further states that a verdict shall be received when five jurors agree. Thus, absent an exception to the statute, all civil juries made up of fewer than six members are improper. However, there does exist an exception to the six-person jury requirement. MCR 2.512(A) authorizes a jury of less than six person *if* the parties so stipulate.

(A) Majority Verdict; Stipulations Regarding

Number of Jurors and Verdict. The parties may stipulate in writing or on the record that

(1) the jury will consist of any number less than 6,

(2) a verdict or a finding of a stated majority of the jurors will be taken as the verdict or finding of the jury, or

(3) if more than six jurors were impaneled, all of the jurors may deliberate.

Except as provided in MCR 5.512, in the absence of such stipulation, a verdict in a civil action tried by 6 jurors will be received when 5 jurors agree.

In the instant case both parties did not stipulate to a four-person jury. In fact, defendants objected to the composition of the jury and moved for a mistrial. Therefore, the circuit court properly found that the district court erred in proceeding to verdict with the four-person jury.

Defendants next claim the circuit court erred in remanding the case to the district court for a new trial. Defendants contend that any error in proceeding with less than the stipulated five jurors was waived by plaintiff's failure to object at trial. Although this appears to be a question of first impression in Michigan, we agree with defendants and find that plaintiff has waived any objection to the composition of the jury by failing to object before the verdict was returned.

Although § 1352 of the Revised Judicature Act mandates a six-person jury, in the absence of a stipulation pursuant to MCR 2.512(A), we believe § 1354 of the same act precludes plaintiff from challenging the validity of the jury verdict. Section 1354 provides in part:

*Failure to comply with the provisions of this*

> *chapter shall not* be grounds for a continuance nor
> shall it *affect the validity of a jury verdict unless
> the party* requesting the continuance or *claiming
> invalidity has made timely objection* and unless
> the party demonstrates actual prejudice to his
> cause and unless the noncompliance is substantial.
> An objection made at the day of the scheduled
> trial shall not be considered timely unless the
> objection, with the exercise of reasonable diligence,
> could not have been made at an earlier time.
> [MCL 600.1354; MSA 27A.1354. Emphasis added.]

Thus in the instant case, because plaintiff not
only failed to object, but indicated consent to
proceeding with four jurors, we find any objection
to the composition of the jury waived. Undoubt-
edly, had the jury verdict resulted in plaintiff's
favor, he would not be here complaining to this
Court. We find applicable the words of our Su-
preme Court as announced in *LeBeau v Telephone
& Telegraph Construction Co,* 109 Mich 302; 67
NW 339 (1896), and quoted with approval in *Sam-
pear v Boschma,* 369 Mich 261, 265; 119 NW2d 607
(1963):

> "It seems to be pretty well settled that, after one
> has knowledge of an irregularity, he cannot re-
> main silent, and take his chances of a favorable
> verdict, and afterwards, if the verdict goes against
> him, base error upon it . . . . If the action of the
> trial court was irregular, the irregularity was
> waived by making no objection until after the
> verdict was rendered." [Citation omitted.]

Here it is clear that plaintiff had knowledge of his
right to a six-person jury as he had previously
stipulated to a reduction from six to five jurors.

Moreover, waiver in the absence of timely objec-

tion to the number of jury members has been found in several other jurisdictions.[1]

Thus, to conclude, we hold that a civil jury must consist of at least six jurors, absent a stipulation to a lesser number by both parties. A trial court is without authority to proceed with less than six jurors absent such stipulation. However, a party's failure to timely object to a civil jury of less than six jurors waives his right to object to the validity of the verdict on appeal.

Reversed and remanded to the circuit court for consideration of the other issues raised on appeal to that court.

[1] See Anno: *Proper procedure upon illness or other disability of civil case juror,* 99 ALR2d 684; *Anderson v Industrial Mollasses Corp,* 11 Ill App 2d 210; 136 NE2d 536 (1956); *Brame v Garwood,* 339 So 2d 978 (Miss, 1976); *Weenig v Wood,* 169 Ind App 413; 349 NE2d 235 (1976).