ANDERSON v HOWLEY

Docket No. 93588. December 1, 1987, at Grand Rapids. Decided
    September 7, 1988.

Jeffrey Anderson brought an action in the Berrien Circuit Court
    seeking damages for injuries sustained while a passenger in a
    car driven by Raymond Howley. Named as defendants were
    Howley and Airport Tire & Service Center, Inc., doing business
    as the Elite Bar, the establishment in which Howley had been
    drinking prior to the accident. The case was submitted to
    mediation and the mediators awarded plaintiff $25,000 against
    Howley and $10,000 against the Elite Bar. Plaintiff and the bar
    accepted the award and Howley rejected it. Howley then offered
    to stipulate to entry of judgment in the amount of $5,000.
    Plaintiff rejected the offer and did not make a counteroffer. The
    case proceeded to trial and a jury returned a verdict in favor of
    plaintiff against Howley. A judgment of $35,000 plus costs was
    entered against Howley. Plaintiff filed a petition for actual
    costs. The trial court, Julian E. Hughes, J., awarded plaintiff
    costs of $1,541.64, but denied plaintiff's request for $18,290 in
    attorney fees. Plaintiff appealed from the denial of his request
    for attorney fees.

The Court of Appeals *held:*

The provisions of MCR 2.405(D) control the issue of attorney
    fees presented here. Since plaintiff rejected Howley's offer
    without making a counteroffer, the express terms of MCR
    2.405(D)(2) prohibit him from recovering actual costs, including
    attorney fees. Absent a showing that plaintiff's counsel acted in
    justifiable reliance on GCR 1963, 519, the new court rules,
    specifically MCR 2.405, apply here.

Affirmed.

1. Costs — Court Rules — Mediation — Stipulated Judgments.
    The cost provisions of the rule under which the later rejection

REFERENCES
Am Jur 2d, Arbitration and Award § 139.
Am Jur 2d, Costs §§ 4 *et seq.*
Am Jur 2d, Courts §§ 82 *et seq.*
See the Index to Annotations under Arbitration and Award; Costs
    of Actions; Rules of Court.

occurred controls in an action in which there has been both the rejection of a mediation award pursuant to MCR 2.403 and a rejection of an offer to stipulate to entry of judgment under MCR 2.405 (MCR 2.405[E]).

2. COSTS — COURT RULES — STIPULATED JUDGMENTS.

An award of actual costs, including attorney fees, is unavailable to an offeree who rejects an offer to stipulate to entry of judgment, does not make a counteroffer, and thereafter receives a judgment in his favor (MCL 2.405[D][2]).

3. COURTS — COURT RULES — RETROACTIVITY — INJUSTICE.

The Michigan Court Rules took effect on March 1, 1985, and govern all proceedings in actions brought on or after that date and all further proceedings in pending actions, but courts have discretion to permit actions pending on March 1, 1985, to proceed under the former rules if application of the new rules is not feasible or would work an injustice; an injustice would occur where a party acts or fails to act in reliance on the prior rules and his action or inaction has consequences under the new rules which were not present under the old rules (MCR 1.102).

*Boothby, Ziprick & Yingst* (by *Robert A. Yingst*), for plaintiff.

*Piatt, Bartosiewicz & Tiderington* (by *Thomas E. S. Tiderington*), for Raymond Howley.

Before: WEAVER, P.J., and WAHLS and M. J. SHAMO,* JJ.

M. J. SHAMO, J. Plaintiff, Jeffrey Anderson, appeals as of right from a June 3, 1986, order entered in Berrien Circuit Court denying him attorney fees as requested under GCR 1963, 316, now MCR 2.403. We affirm the circuit court's order.

Plaintiff's suit sought damages for injuries sustained December 5, 1981, in a one-car traffic accident. Plaintiff sued Raymond Howley, the driver of the car in which he was a passenger, and Airport

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Tire & Service Center, Inc., doing business as Elite Bar, the establishment in which the driver had been drinking prior to the accident. Separate lawsuits were brought on behalf of two other passengers who were killed in the accident.

During 1984, the lawsuits filed on behalf of the decedent passengers were settled by Howley's insurer for a total of $37,500. As Howley's insurance policy limits were $40,000 per accident, these settlements left $2,500 in remaining policy coverage. Plaintiff's case was submitted to mediation December 7, 1984, pursuant to GCR 1963, 316. The mediators awarded $25,000 against Howley and $10,000 against the Elite Bar. Plaintiff and the Elite Bar accepted the award; Howley rejected it.

Prior to trial, in July, 1985, plaintiff received an offer from Howley to stipulate to entry of judgment in the amount of $5,000. Plaintiff rejected the offer without countering it, and the case proceeded to trial. On April 15, 1986, a jury returned a verdict in favor of the plaintiff against Howley. The Elite Bar received a no cause award. The jury further found that plaintiff was fifty percent comparatively negligent. On May 19, 1986, a judgment of $35,000 plus costs was entered against Howley.

Plaintiff filed a petition for actual costs under GCR 1963, 316 on April 29, 1986, and challenges on appeal the circuit court's refusal to grant him $18,290 in attorney fees. Plaintiff's first argument is that the court misapplied MCR 2.405(D) in denying him attorney fees. Alternatively, plaintiff argues that the court should not have applied MCR 2.405(E) because it works an injustice in his case.

MCR 2.405(E) provides that where there has been both a rejection of a mediation award under MCR 2.403 and a rejection of an offer to stipulate to entry of judgment under MCR 2.405, the con-

trolling cost provisions are those of the rule under which the later rejection occurred. In the instant case, the later rejection was plaintiff's rejection of Howley's offer pursuant to MCR 2.405. Thus, the provisions of MCR 2.405(D) control the issue of attorney fees presented here.

MCR 2.405(D)(2) makes actual costs unavailable to an offeree who rejects a settlement offer without making a counteroffer. As plaintiff in this case rejected Howley's $5,000 offer without countering it, the express terms of MCR 2.405(D)(2) prohibit him from recovering actual costs, including attorney fees.

Plaintiff argues that MCR 2.405(D)(2) is not applicable unless there has been a good faith offer of settlement. Plaintiff contends that since Howley's $5,000 offer was not made in good faith plaintiff's failure to counter it should not preclude him from recovering attorney fees.

First, we find it unnecessary to read a separate good faith requirement into MCR 2.405 in the absence of language to that effect in the rule. The rule's provision requiring a counteroffer by the rejecting offeree provides an adequate test of the parties' good faith.[1]

Moreover, even if a good faith requirement were implicit in MCR 2.405, we find no lack of good faith in Howley's offer of $5,000. The offer was twice the amount of Howley's remaining insurance coverage, and Howley's personal ability to satisfy a judgment in excess of that amount was questionable. We further disagree with plaintiff that How-

[1] Plaintiff's reliance on *August v Delta Air Lines, Inc,* 600 F2d 699 (CA 7, 1979), aff'd 450 US 346; 101 S Ct 1146; 67 L Ed 2d 287 (1981), to support his argument that a good faith requirement is implicit in MCR 2.405 is misplaced. The *August* opinion considered FR Civ P 68, which is similar in some respects to MCR 2.405. However, the federal rule differs from MCR 2.405 in that it does not require a counteroffer by the rejecting offeree as a prerequisite to a costs award.

ley's failure to include the Elite Bar in the offer to settle evidences a lack of good faith. Howley had no authority to make a settlement offer on behalf of his codefendant; in any case, plaintiff could have responded with a counteroffer directed to both defendants.

Plaintiff's argument that the circuit court should not have applied MCR 2.405(E) is addressed by MCR 1.102, which provides as follows:

> These rules take effect on March 1, 1985. They govern all proceedings in actions brought on or after that date, and all further proceedings in actions then pending. A court may permit a pending action to proceed under the former rules if it finds that the application of these rules to that action would not be feasible or would work injustice.

Here, plaintiff's suit was pending on March 1, 1985. We must thus determine whether applying the current court rules in the instant case would work an injustice.

In *Davis v O'Brien,* 152 Mich App 495, 501; 393 NW2d 914 (1986), lv den 426 Mich 869 (1986), this Court held that there is no injustice under MCR 1.102 merely because a different result is reached under the old and new rules. Rather, an injustice occurs where one party acts or fails to act in reliance on the prior rules and his action or inaction had consequences under the new rules which were not present under the old rules.

Under the old court rules, plaintiff's rejection of Howley's settlement offer would not have precluded him from recovering mediation sanctions. GCR 1963, 519, the predecessor to MCR 2.405, contained no provision comparable to MCR 2.405(E). However, the difference in result under

the old and new court rules does not control our decision here. We note that Howley's offer to stipulate to entry of judgment in the amount of $5,000 was expressly made pursuant to MCR 2.405, and was made in July, 1985, after the effective date of the new rules. Thus, plaintiff's counsel had notice that his response to the offer was governed by the new rules. In the absence of a showing that plaintiff's counsel acted in justifiable reliance on the old rules, we will not find them controlling in this case.

Finally, we note that the circuit court awarded plaintiff costs of $1,541.64. According to MCR 2.405(D)(2), plaintiff's failure to counteroffer precluded him from the recovery of costs as well as attorney fees. However, we make no ruling on this aspect of the court's order as neither party raised the issue on appeal.

Affirmed.