FROEDE v HOLLAND LADDER & MANUFACTURING COMPANY

Docket No. 143336. Submitted March 16, 1994, at Detroit. Decided October 3, 1994, at 9:10 A.M. Leave to appeal sought.

William R. Froede brought an action in the Oakland Circuit Court against Holland Ladder & Manufacturing Company and National Ladder & Scaffold Company, seeking damages for injuries suffered when he fell from a ladder during the course of his employment. Liberty Mutual Insurance Company, the worker's compensation insurer of Froede's employer, was added as a party plaintiff. A jury returned a verdict of $1.5 million for the plaintiffs. The defendants moved for a new trial on the basis of newly discovered evidence that one of the jurors had misrepresented her status as a convicted felon on the written juror questionnaire. The trial court, Deborah G. Tyner, J., denied the motion for a new trial and entered a judgment on the verdict. The defendants appealed.

In an opinion by JANSEN, P.J., joined in part by HOLBROOK, JR., and E. C. PENZIEN, JJ., the Court of Appeals *held:*

1. Because juror qualifications are matters of legislative control, the conflict between MCL 600.1307a(1)(e); MSA 27A.1307(1)(1)(e), which provides that a person is qualified for jury service if not "under sentence for a felony at the time of jury selection," and MCR 2.511(D)(2), which provides that a party may challenge for cause a juror "who has been convicted of a felony," must be settled in favor of the statutory provision. Accordingly, persons who have been convicted of a felony are not qualified for jury service only while they are under sentence. A former felon's right to serve as a juror is restored once the sentence has been served.

2. A trial court, upon a timely challenge for cause of a prospective juror, must excuse that person if it is shown that the person does not satisfy the statutory prerequisites of § 1307a. Where it is shown that the prospective juror satisfies the prerequisites of § 1307a and does not exhibit the biases or prejudices that would warrant excusing pursuant to MCR

REFERENCES

Am Jur 2d, Jury §§ 96, 106.
See ALR Index under Jury and Jury Trial.

2.511(D), a court has the discretion to retain or excuse the prospective juror.

3. Because the juror at issue had served her sentence by the time that she was selected as a juror, she was not disqualified per se from jury service. However, under the particular facts of this case, and in light of the nature of the juror's conviction, the facts surrounding that conviction, and the question of the juror's honesty raised by her misrepresentation on the juror questionnaire, the defendants presented proof of prejudice by the juror such that it was an abuse of discretion for the trial court to deny the defendants' motion for a new trial.

4. The trial court also abused its discretion by permitting the plaintiffs to elicit the testimony of an expert witness relative to a survey of accidents involving ladders, because the accidents in the survey were of a type different from that in this case; thus, that testimony was not relevant and should not have been admitted.

5. The trial court did not abuse its discretion in permitting the plaintiffs to amend their complaint during trial. The defendants had adequate notice of the added claim and suffered no prejudice from the amendment.

6. The trial court did not abuse its discretion in refusing to direct a verdict for the defendants relative to the claim based on negligent failure to warn, there being sufficient evidence adduced at trial to support that claim.

7. The trial court did not abuse its discretion in refusing to qualify as an expert relative to ladder lock design a defense witness who clearly lacked expertise in that area of inquiry.

Reversed in part and remanded.

HOLBROOK, JR., J., dissenting in part, stated that the factual circumstances in this case do not support a finding that actual prejudice arose from the former felon being a juror or that the trial court abused its discretion in denying the defendants' motion for a new trial.

E. C. PENZIEN, J., dissenting in part, stated that it was not necessary to address the question whether a trial court has discretion to refuse to excuse a juror who has been challenged correctly during voir dire on the basis of a prior felony conviction.

1. JURY — JURORS — QUALIFICATIONS — STATUTES — COURT RULES.

Juror qualifications are matters of legislative control; accordingly, to the extent that there is a conflict between a statute dealing with juror qualifications and a court rule dealing with juror qualifications, the statute prevails.

2. JURY — JURORS — DISQUALIFICATION — FELONIES.

Persons who have been convicted of a felony are not qualified for jury service only while they are under sentence; a former felon's right to serve as a juror is restored once the sentence has been served (MCL 600.1307a[1][e]; MSA 27A.1307[1][1][e]).

*John Bovill, III (Bendure & Thomas,* by *Mark R. Bendure,* of Counsel), for William R. Froede.

*Johnson, Johnson & Frost, P.C.* (by *Roy W. Johnson*) (*Bendure & Thomas,* by *Mark R. Bendure,* of Counsel), for Liberty Mutual Insurance Company.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James S. Goulding* and *Daniel S. Saylor*), for the defendants.

Before: JANSEN, P.J., and HOLBROOK, JR., and E. C. PENZIEN,* JJ.

JANSEN, P.J. In this products liability action, defendants appeal as of right from the order of the Oakland Circuit Court effectuating the jury's verdict of $1.5 million in favor of plaintiffs. We reverse and remand for a new trial.

Plaintiff William Froede was injured in a fall from a ladder at a construction site where he was working for Great Lakes Construction Company. Plaintiff Liberty Mutual Insurance Company is Great Lakes' worker's compensation insurer. Defendant Holland Ladder & Manufacturing Company manufactured the ladder. Defendant National Ladder & Scaffold Company sold the ladder.

Defendants first argue that the trial court abused its discretion by denying their motion for a new trial based on evidence discovered after trial that juror Hilda Singleton-Luter misrepresented

---

* Circuit judge, sitting on the Court of Appeals by assignment.

her status by failing to note on the written juror questionnaire that she was a convicted felon. We agree with defendants, but on the narrow facts of this case.

A motion for a new trial may be based on juror bias or misconduct. MCR 2.611(A)(1)(b). The decision whether to grant or deny a motion for a new trial on this basis is within the discretion of the trial court and will be reviewed on appeal for an abuse of discretion. *Hunt v CHAD Enterprises, Inc,* 183 Mich App 59, 63-64; 454 NW2d 188 (1990).

A juror is presumed to be qualified and competent. *Id.; Poet v Traverse City Osteopathic Hosp,* 433 Mich 228, 235-236; 445 NW2d 115 (1989). To rebut this presumption, the moving party must establish that it would have challenged the juror for cause or otherwise dismissed the juror had the truth been revealed before trial, or establish actual proof of prejudice on the part of the challenged juror. *Hunt, supra,* p 64.

Defendants contend that the juror in question was unqualified to serve as a juror because of her status as a convicted felon. Pursuant to the jury selection statute, a juror is qualified to serve if, among other things, not "under sentence for a felony at the time of jury selection." MCL 600.1307a(1)(e); MSA 27A.1307(1)(1)(e). Pursuant to court rule, a party may challenge for cause a juror who "has been convicted of a felony." MCR 2.511(D)(2). Neither the jury selection statute nor the court rule expressly mandates that a convicted felon be disqualified per se from sitting on a jury in a civil case.

The apparent nonconformity between § 1307a(1)(e) and MCR 2.511(D)(2) must be resolved by determining whether juror qualifications fall within the ambit of the Michigan Legislature's mandate to enact substantive law or the Michigan Supreme

Court's mandate to establish general rules of practice and procedure. Where there is a conflict between a statute and a court rule, the court rule prevails if it governs practice and procedure. Const 1963, art 6, § 5; MCR 1.104; *In re Hillier Estate,* 189 Mich App 716, 719-720; 473 NW2d 811 (1991). It has been stated that juror qualifications are matters of legislative control. *People v Merhige,* 219 Mich 95, 97; 188 NW 454 (1922); *People v Barltz,* 212 Mich 580, 588; 180 NW 423 (1920); *People v Legrone,* 205 Mich App 77, 79-80, n 1; 517 NW2d 270 (1994) (dicta). This finding is further supported by *United States v Dahms,* 938 F2d 131, 134 (CA 9, 1991), which interpreted § 1307a(1)(e) to restore substantially and automatically a convicted felon's right to serve as a juror following a period of suspension during incarceration.

Relying on a line of federal cases that have interpreted MCR 2.511(D)(2) and § 1307a(1)(e) as not restoring a former felon's civil right to serve as a juror, defendants assert that once a trial court becomes aware of a juror's prior felony conviction, it must dismiss the juror, whether the juror is still under sentence or not. *United States v Metzger,* 3 F3d 756 (CA 4, 1993); *United States v Tinker,* 985 F2d 241 (CA 6, 1992); *United States v Gilliam,* 979 F2d 436 (CA 6, 1992); *United States v Driscoll,* 970 F2d 1472 (CA 6, 1992). We disagree with this line of federal cases holding that a former felon's civil right to serve as a juror is not restored once that felon is no longer under sentence.

The history of MCR 2.511(D)(2) has been stated in one treatise as follows:

> [Subrule] (2) indicates that a juror is disqualified if the juror has ever been convicted of a felony. This subrule first appeared in GCR 511.4, and the committee note to it stated that it was inserted as

a reflection that all jurors must possess good moral character. As all prior felons are no longer disqualified by MCLA 600.1301 *et seq.* [MSA 27A.1301 *et seq.*], and as Michigan has passed a Good Moral Character Act, MCLA 338.41 *et seq.* [MSA 18.1208(1) *et seq.*], the authors question the validity of the current prohibition. They suggest that the Supreme Court reexamine its position on this point. [3 Martin, Dean & Webster, Michigan Court Rules Practice, p 176, n 5].

We further find it notable that § 1307a of the jury selection statute was added in 1978, the same year that the Legislature enacted legislation that amended the definition of "good moral character" as used in various licensing acts and prohibited licensing boards and agencies from using a criminal conviction as the sole proof a person's lack of good moral character. 1978 PA 294, MCL 338.41 *et seq.*; MSA 18.1208(1) *et seq.* The stated purpose of the act is "to encourage and contribute to the rehabilitation of former offenders and to assist them in the assumption of the responsibilities of citizenship . . . ." The act prohibits a licensing board or agency from using a judgment of guilt in a criminal or civil prosecution as the sole proof of an applicant's lack of good moral character for the purpose of denying or revoking the applicant's occupational or professional license. MCL 338.42; MSA 18.1208(2). The enactment of § 1307a and the licensing of former offenders act in the same year indicates a legislative intent to "remove barriers to the reintegration into society of former offenders." *Rios v Dep't of State Police,* 188 Mich App 166, 171; 469 NW2d 71 (1991).

Because § 1307a(1)(e) only requires that a potential juror not be *under sentence* for a felony at the time of jury selection and because juror qualifications are matters of legislative control, we hold

that a former felon's right to serve as a juror is restored once the sentence is completed.

The question remains whether a trial court has discretion to retain a convicted felon on a civil jury where a party challenges that juror for cause under MCR 2.511(D)(1) or (D)(2). While MCR 6.412(D)(2) requires that a trial court in a criminal case excuse a juror challenged for cause under any of the grounds listed in MCR 2.511(D), there is no similar requirement in a civil case. Indeed, we find that the existence of potential biases or prejudices of a juror with a prior felony conviction is substantially lessened in a civil case as opposed to a criminal case. Moreover, our Supreme Court has held that a trial court is required to excuse a juror only when the juror is challenged for cause on a ground enumerated in MCR 2.511(D)(4)—(D)(13). *Poet, supra,* p 236. Consistent with our holding that a convicted felon's right to serve as a juror is restored upon completion of the sentence, we further hold that where a challenge for cause is timely made under MCR 2.511(D)(1) or (D)(2) and it is established that the juror does not satisfy one or more of the prerequisites under § 1307a, the trial court must excuse the challenged juror. However, where it is established that the prerequisites of § 1307a are satisfied and the juror does not exhibit biases or prejudices that would warrant excusal under MCR 2.511(D)(3)—(D)(13), the trial court has discretion to retain or excuse the juror.

In this case, juror Singleton-Luter was convicted of a felony in 1980 and sentenced to ten years' imprisonment in the federal system. She was released from parole in June 1990. Because she was no longer "under sentence" at the time she was selected as a juror in March 1991, she was not disqualified per se from jury service. Therefore, defendants have failed to establish that they nec-

essarily would have been successful had they challenged Singleton-Luter for cause at trial.

We must next determine whether defendants presented actual proof of prejudice on the part of the juror. MCL 600.1354(1); MSA 27A.1354(1); *Hunt, supra,* p 64. We find that, based on the narrow facts of this case, defendants have presented actual proof of prejudice and that defendants are entitled to a new trial on this basis.

There is no dispute that Singleton-Luter misrepresented her criminal history on the written questionnaire. Singleton-Luter misrepresented on the questionnaire that she had not been convicted of a felony, that she had not been incarcerated in a correctional institution, and that she had not been a defendant in a criminal trial. In fact, Singleton-Luter and her ex-husband, Harold Morton (a notorious drug kingpin in the Harold Morton Organization), hired an assassin to kill a drug informant, Sandra Jones. Jones, who smuggled drugs for the Harold Morton Organization, had agreed to testify in a criminal trial against Morton. Jones was murdered in Los Angeles in December 1977 by Thornell McKnight, who had been hired by Singleton-Luter and Morton to kill Jones. Singleton-Luter ultimately pleaded guilty in federal court of conspiracy to violate civil rights and was sentenced to ten years' imprisonment in October 1980. She was released from jail in 1985 and released from parole in June 1990.

In considering Singleton-Luter's conviction and the circumstances surrounding that conviction, we find that defendants have presented actual proof of prejudice of the juror. Such a conviction could certainly reflect on the juror's honesty, and, given the nature of the conviction, this juror may well have infected the jury's deliberations. The juror's honesty must be called into question because she

deliberately misrepresented her status concerning her prior felony conviction on the juror questionnaire. Although we acknowledge that defense counsel did not read the juror questionnaires before voir dire, even if defense counsel had done so, Singleton-Luter's answers would have reflected that she did not have a prior criminal record, and defense counsel would have had to rely on that statement as being truthful.

Accordingly, given the nature of juror Singleton-Luter's criminal conviction and her deliberate misrepresentation of her criminal history on the juror questionnaire, we find that defendants have presented actual proof of prejudice of the juror and, therefore, that the trial court abused its discretion in denying defendants' motion for a new trial. We caution that our opinion is not to stand for the proposition that prejudice will always be found when a convicted felon makes a misrepresentation on a juror questionnaire or at voir dire. It is under the circumstances of the felony involved in this case, where the juror had a witness killed to prevent her from testifying, that we find actual proof of prejudice.

We also agree with defendants that the trial court abused its discretion in permitting plaintiffs to elicit testimony from an expert witness on cross-examination regarding the results of a survey on ladder accidents published by the Bureau of Labor Statistics. The survey evidence was irrelevant because the testimony in question did not concern accidents similar to the one at hand. The accidents in the survey concerned ladders that slipped, fell, or broke, while the accident in the instant case involved a ladder that sank. Accordingly, the survey evidence was not relevant, and should not have been admitted. MRE 401, 402.

We find no error with regard to the remaining

issues presented by defendants, but we will briefly address them to avoid the duplication of error on retrial.

Defendants argue that the trial court abused its discretion in permitting plaintiffs to amend the complaint on the third day of trial to add a count of negligent failure to warn.

Leave to amend a complaint should be freely given when justice so requires. MCR 2.118(A)(2). This Court will reverse a trial court's decision on a motion to amend a complaint only where the trial court abused its discretion. *Price v Long Realty, Inc,* 199 Mich App 461, 469; 502 NW2d 337 (1993). An amendment to conform to the proofs made during trial shall not be granted unless the party seeking to amend establishes that the amendment and the admission of the evidence would not prejudice the objecting party. MCR 2.118(C)(2). Here, the trial court noted that defendants had notice of plaintiffs' claim of negligent failure to warn well in advance of trial, and the new claim could be inferred reasonably from plaintiffs' allegations in the second amended complaint. See *Winiemko v Valenti,* 203 Mich App 411, 414; 513 NW2d 181 (1994). We find no abuse of discretion in the trial court's conclusion that defendants were not prejudiced by the amendment.

Next, defendants contend that the trial court erred in denying their motion for a directed verdict based on the claim that the evidence presented did not support plaintiffs' theory of failure to warn.

In reviewing the trial court's denial of defendants' motion for a directed verdict, this Court views the testimony and legitimate inferences drawn from that testimony in a light most favorable to the nonmoving party. Directed verdicts are

appropriate only when no factual question exists upon which reasonable minds could differ. *Brisboy v Fibreboard Corp*, 429 Mich 540, 549; 418 NW2d 650 (1988). Defendants argue that the ladder was a "simple tool," and that they were, therefore, not under a duty to warn of obvious dangers.

In the instant case, plaintiffs offered evidence that the practice of tying off the top of an extension ladder was common in the construction industry. Plaintiffs' experts and defendants' lock designer testified that such a practice is inherently dangerous with a gravity lock because it may disengage, causing the ladder to telescope. Additionally, this is a case concerning defective locks and not merely the ladder itself. Cf. *Willard v Dore*, 41 Mich App 508, 510; 200 NW2d 369 (1972). Although the ladder's warning label did not specifically warn of the risks associated with such a practice, the label did instruct the user to tie off both the bottom and top of the ladder. Viewing the evidence in a light most favorable to plaintiffs, we find that sufficient evidence was presented to withstand a motion for a directed verdict relative to the claim based on the theory of negligent failure to warn.

Next, defendants claim that the trial court abused its discretion in allowing plaintiffs' experts to testify that the ladder was a complex tool as opposed to a simple tool. Defendants did not object to this testimony at trial. Accordingly, the issue was not preserved for appellate review. MRE 103(a)(1).

Defendants also argue that the design defect was not the proximate cause of Froede's injuries, because he never read the label. This issue is not properly before us, because defendants never argued this position below. We will, therefore, not review it. *Booth Newspapers, Inc v Univ of Michi-*

gan *Bd of Regents,* 444 Mich 211, 234; 507 NW2d 422 (1993).

Defendants also argue that the trial court abused its discretion in failing to qualify their witness, Edwin Burdette, as an expert. A trial court has broad discretion regarding the qualification of an expert witness, and this Court will not reverse that decision absent an abuse of discretion. *Mulholland v DEC Int'l Corp,* 432 Mich 395, 402; 443 NW2d 340 (1989).

A witness may be qualified to give expert opinion testimony where the witness' "skill, knowledge, training, experience, or education" will assist the trier of fact. MRE 702. Here, as a result of Burdette's own assessment on direct examination that he was not an expert in ladder lock design, the trial court refused to allow defendants to elicit an expert opinion from him regarding the design of the lock in question. This was not an abuse of discretion. Further, notwithstanding the trial court's ruling, defendants proceeded to elicit Burdette's opinion of the ladder lock design on redirect examination. We find no error on the part of the trial court here.

Finally, we find no basis to defendant Holland Ladder's claim that the trial court failed to instruct the jury that it must determine initially whether the ladder used by plaintiff Froede was in fact manufactured by it. The jury was so instructed during the court's second charge.

Reversed in part and remanded for a new trial. Jurisdiction is not retained.

HOLBROOK, JR., J. *(concurring in part and dissenting in part).* I concur with Judge JANSEN's analysis and holding that a former felon's civil right to serve as a juror is restored once that person's sentence is completed. I further concur in

the procedure established for timely challenges to the qualifications or competence of a prospective juror under either MCL 600.1307a; MSA 27A.1307(1) or MCR 2.511(D)(1) or (D)(2). I respectfully disagree, however, that reversal for a new trial is warranted in this case.

A party has a right and a duty to discover from juror questionnaires or on voir dire examination whether a venire person is subject to disqualification for cause. Where a party's objection to a juror relates to a statutory disqualification only, rather than to actual bias or other fundamental incompetence, such disqualification is ordinarily waived by failure to assert it until after the verdict. This is true even where the facts that constitute the basis for the disqualification were not known to the objecting party at the time the verdict was rendered. *Wicklund v Draper,* 167 Mich App 623; 423 NW2d 294 (1988). See also *McDonough Power Equipment, Inc v Greenwood,* 464 US 548, 555-556; 104 S Ct 845; 78 L Ed 2d 663 (1984). Here, defense counsel failed to examine the juror questionnaires before trial, failed to question juror Singleton-Luter directly regarding her prior criminal history, and failed to raise any objection to this juror during trial. Therefore, absent a showing of actual prejudice as required by MCL 600.1354(1); MSA 27A.1354(1), defendants' claim that juror Singleton-Luter was disqualified pursuant to statute to serve as a juror is waived.

The majority circumvents the statutory requirement that the party challenging a juror's qualifications present prima facie proof of actual prejudice by presuming prejudice in light of the nature of juror Singleton-Luter's conviction. MCL 600.1354(1); MSA 27A.1354(1). While I certainly agree that the facts of Singleton-Luter's criminal conviction are egregious, the proper forum for

evaluating such considerations was the trial court, which is vested with broad discretion to decide posttrial motions for a new trial. *Ginsburg v Wineman,* 314 Mich 1, 9; 22 NW2d 49 (1946); *Grist v Upjohn Co,* 16 Mich App 452; 168 NW2d 389 (1969). Here, the trial court found that defendants had failed to establish actual prejudice and therefore denied their motion for a new trial.

To establish actual prejudice, a party must show that it was denied a fair trial by an irregularity or error that was outcome determinative. In this case, defendants have failed to establish actual prejudice for several reasons. First, because plaintiffs needed only five of the six jurors to agree on the verdict, MCL 600.1352; MSA 27A.1352, and the verdict was unanimous, no prejudice resulted, because the result was not affected. *Kwaiser v Peters,* 381 Mich 73, 79-80, 81; 158 NW2d 877 (1968) (separate opinions of DETHMERS, C.J., and ADAMS, J., for affirmance). Second, although counsel has a right to rely on the truthfulness of a juror questionnaire inasmuch as it provides a basis for challenging a juror's qualifications, a false answer standing alone is insufficient to justify setting aside a jury verdict. *Citizens Commercial & Savings Bank v Engberg,* 15 Mich App 438, 440; 166 NW2d 661 (1968); MCR 2.510. Here, there is no dispute that juror Singleton-Luter misrepresented her criminal history on the written questionnaire; however, defense counsel did not examine the questionnaires before trial, and Singleton-Luter was not directly questioned during voir dire regarding her involvement in prior litigation or her criminal history. Thus, defense counsel was not misled. *Kwaiser, supra.* Third, no reasonable inference can be made that Singleton-Luter's criminal record would provide a basis for bias or partiality in this products liability case. See *United States v*

*Metzger,* 3 F3d 756, 759 (CA 4, 1993), cert den —
US —; 128 L Ed 2d 50 (1994). Finally, Singleton-
Luter was not selected as foreperson of the jury,
therefore, it cannot be claimed reasonably that she
had any special opportunity to exert influence over
the other jurors. In sum, given that defendants
have failed in their burden to show any prejudice,
actual or otherwise, I would find no abuse of
discretion by the trial court in denying defendants'
motion for a new trial.

I concur with all other aspects of Judge JAN-
SEN's opinion.

E.C. PENZIEN, J. *(concurring in part and dissent-
ing in part).* I agree with Judge JANSEN that the
verdict in this case must be reversed for the
reasons set forth in her excellent opinion. I write
to excuse myself from joining with her comments
that a trial court has discretion to refuse to excuse
a juror who has been correctly challenged during
voir dire on the basis of a prior felony conviction.
In my judgment, it is not necessary to address that
issue in this case. In all other respects, I agree
with Judge JANSEN's opinion.