36 F.3d 1098
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judge Jerome WHITE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1180.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1994.
 
 Before: BROWN, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Judge Jerome White appeals pro se from a district court judgment denying a motion to vacate, set aside or correct his sentence that was filed under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 A federal jury convicted White of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g). On October 9, 1990, the district court sentenced White to an aggregate term of 15 years of imprisonment and 3 years of supervised release as a result of this conviction. This court subsequently affirmed White's conviction and sentence on direct appeal.
 
 
 3
 In his present motion, White alleged that his Sec. 922(g) conviction was based on Michigan felony convictions that were more than ten years old. He argued that he should not have been convicted as a felon under Sec. 922(g) because his civil rights had been restored under Michigan law. The district court denied White's motion on January 18, 1994, because his right to serve as a juror was still restricted by Michigan Court Rule 2.511(D)(2), which subjects all convicted felons to an automatic challenge for cause. It is from this judgment that White now appeals.
 
 
 4
 A motion to vacate under Sec. 2255 is not a substitute for a direct appeal. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). Thus, to obtain collateral relief, White must show cause that would excuse his failure to raise his present claim on direct appeal and actual prejudice from the errors that he now alleges. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 5
 The denial of White's Sec. 2255 motion was proper because he has not established cause. White offers no explanation for his failure to raise his present claim on direct appeal, even though it does not involve evidence outside the record. Moreover, there was legal authority that might have been offered in support of this claim when White's appeal was decided. See United States v. Cassidy, 899 F.2d 543, 549 (6th Cir.1990). White's failure to make a sufficient showing regarding cause independently precludes review of his motion on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986).
 
 
 6
 White's motion was also properly denied because no actual prejudice arose from his failure to raise his present claim on direct appeal. This court has now confirmed that the civil rights of Michigan felons are not restored to an extent that would exclude them from prosecution under 18 U.S.C. Sec. 922(g). United States v. Driscoll, 970 F.2d 1472, 1479 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993). The Driscoll decision has been cited in subsequent cases, all holding that Michigan felons may be prosecuted under Sec. 922(g) despite the partial restoration of their civil rights. United States v. Tinker, 985 F.2d 241, 242 (6th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1856 (1993). These decisions are determinative in White's case, even though he now argues that his prior felony convictions were over ten years old.
 
 
 7
 White has requested an evidentiary hearing in his brief on appeal. While the denial of a motion to vacate under Sec. 2255 generally receives de novo review, the district court's decision to deny the motion without an evidentiary hearing is reviewed for an abuse of discretion. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). The district court did not abuse its discretion here because White did not allege specific facts that would have provided a basis for relief if they were proven at the hearing and also because the existing record was adequate to resolve his claims. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.