38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael J. FISH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1408.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 Before: KEITH and DAUGHTREY, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner appeals a judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Michael Fish was convicted after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). The conviction and the accompanying fifteen year sentence, enhanced according to the provisions of 18 U.S.C. Sec. 922(e), were affirmed on direct appeal. United States v. Fish, 928 F.2d 185 (6th Cir.), cert. denied, 112 S.Ct. 115 (1991).
 
 
 3
 In 1993, Fish filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. The matter was referred to a magistrate judge who recommended that the motion be denied. The district court ultimately adopted the magistrate's recommendation, over Fish's objections, and this appeal followed. The parties have briefed the issues; Fish is proceeding without benefit of counsel.
 
 
 4
 The magistrate recommended the motion be denied on the basis of a procedural default. The district court adopted this conclusion while also noting that the motion was meritless. The record and law support both grounds for the district court's decision and does not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Fish was convicted of being a felon in possession of a firearm under 18 U.S.C. Sec. 922(g)(1). Fish had previously been convicted of ten felonies. The prosecution sought an enhanced penalty under 18 U.S.C. Sec. 924(e). Section 924(e)(1) mandates, in part, a fifteen year sentence for those persons violating 18 U.S.C. Sec. 922(g)(1) who have been convicted three times of a "violent felony," a term defined in section 924(e)(2)(B). On appeal, Fish argued unsuccessfully through counsel that his predicate offenses were not violent felonies within the meaning of section 924. This was the only challenge Fish raised to the enhancement.
 
 
 6
 Fish subsequently filed a motion to vacate in which he again disputed the use of the predicate offenses under section 924(e)(1). Fish claimed that, as his civil rights had been restored under Michigan law for two of the previous convictions, they were excludable under 18 U.S.C. Sec. 921(a)(20). Section 921(a)(20) provides:
 
 
 7
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 8
 The magistrate judge to whom the matter was referred recommended the motion be denied as Fish could have raised this claim on direct appeal and failed to do so or justify the failure. The district court agreed with the magistrate's assessment and further found that the claim was meritless. Fish reasserts his basic contention on appeal.
 
 
 9
 First, it is clear that a motion to vacate will not serve as a substitute for a direct appeal. Claims that could have been raised on direct appeal but were not will not be entertained in a section 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Fish has never undertaken to explain the reason for his failure to raise his claim on direct appeal when he could have done so and is thus now precluded from pursuing it in a collateral attack.
 
 
 10
 In addition, the underlying theory of Fish's motion has been specifically rejected by this court. Fish avers that two of his prior convictions should not have been included as predicate offenses as the discharges issued to him after serving out his time did not contain any prohibition against ownership of firearms. He therefore reasons that these convictions are excludable pursuant to the terms of 18 U.S.C. Sec. 921(a)(20). However, in United States v. Driscoll, 970 F.2d 1472, 1478-79 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993), this court specifically held that Michigan does not restore a felon's civil rights after punishment for purposes of section 921(a)(20). The absence of a prohibition against firearm ownership is thus irrelevant to this cause. The appeal lacks merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.