47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Eric P. REICHE, Defendant-Appellant.
 No. 94-1071.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1995.
 
 Before: KENNEDY, CONTIE and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Eric P. Reiche, entered a conditional plea of guilty to one count of being a felon in possession of a firearm under 18 U.S.C. Sec. 922(g)(1) and now appeals his conviction and sentence. He argues that he was permitted to carry a firearm because his civil rights had been restored under Michigan law. Alternatively, he claims that he was entitled to a reduction in sentence under USSG Sec. 2K2.1(b)(2) because he possessed the firearm solely for lawful sporting purposes. For the reasons stated, we affirm the District Court.
 
 I.
 
 2
 On November 15, 1989, during Michigan's deer hunting season, defendant sat in his car with a .12 gauge loaded shotgun lying on the roof of the car. Officers of the Michigan Department of Natural Resources ("DNR") approached defendant at approximately 4:30 p.m. and asked if he had a license. Defendant initially told the officers that he had a valid firearm deer hunting license, but when asked to produce it, he admitted that he did not have one. The DNR officers subsequently learned that defendant had been convicted of several prior felonies, including carrying a concealed weapon, armed robbery, and delivery of controlled substances.
 
 
 3
 On November 17, 1992, defendant was indicted on one count of being a felon in possession of a firearm. Defendant entered a conditional plea of guilty, admitting that the shotgun found on the roof of the car was his and that he had been hunting earlier that day without a valid license. He was sentenced to twenty-four months in prison and now appeals.
 
 II.
 
 4
 Defendant first contends his civil rights had been restored, that he was allowed to possess a shotgun under Michigan law, and is thus exempt from the federal statute prohibiting firearm possession by convicted felons. We disagree.
 
 
 5
 When a person has his or her civil rights restored following a conviction, that conviction is not considered a conviction for the purposes of the felon in possession statute unless the "restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. Sec. 921(a)(20). However, to avail himself of this exemption, defendant must demonstrate that Michigan law substantially restored his civil rights without limiting his ability to possess guns. United States v. Cassidy, 899 F.2d 543 (6th Cir.1990).
 
 
 6
 In United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993), we examined Michigan law to determine whether Michigan fully restores a felon's civil rights upon his release from prison. We concluded it does not. The felon's right to sit on a jury is not restored at that time. The Michigan court rules provide that a convicted felon can be challenged for cause during jury selection. MICH.CT.R. 2.511(D)(2); 6.412(D)(2). Thus, under Driscoll, defendant does not qualify for the Section 921(a)(20) exemption because his civil rights had not been fully restored on the date he possessed the firearm.
 
 
 7
 Defendant argues that Driscoll was wrongly decided. However, we are bound by this decision. We "cannot overrule another panel's published decision on the same issue." United States v. Edge, 989 F.2d 871, 876 (6th Cir.1993); Driscoll, 970 F.2d at 1478. We thus affirm defendant's conviction.[1]
 
 III.
 
 8
 Defendant further contends that the District Court erroneously calculated the base offense level used in his sentencing. Defendant argues that his base offense level should be reduced from twelve to six under USSG Sec. 2K2.1(b)(2) which provides, in relevant part, that "[i]f the defendant ... possessed all ... firearms solely for lawful sporting purposes or collection, and did not ... unlawfully use such firearms ... decrease the offense level ... to level 6." (Emphasis added.) Defendant contends that he was sleeping when he was arrested, was not hunting, and had tried to purchase a deer tag. Defendant further argues that he does not have to prove that he was engaged in hunting nor does he have to prove his intention to hunt legally. Instead, defendant contends that all he has to prove is that he had the weapon solely for sporting purposes.
 
 
 9
 A district court's determination of whether a firearm was used for sporting purposes under USSG Sec. 2K2.1(b)(2) is a question of fact reviewable under the clearly erroneous standard. United States v. Morrison, 983 F.2d 730, 732 (6th Cir.1993). "Defendant has the burden of proving, by a preponderance of the evidence, that a reduction in the guidelines offense level is warranted. Thus, the government need not prove that the revolver was used for illegal purposes. Rather, Defendant must prove that the firearm was used solely for sporting purposes." Id. at 732-33 (citations omitted).
 
 
 10
 Defendant admitted in his sworn factual basis for his guilty plea that he had been deer hunting without a license on the day in question in violation of MICH.COMP.LAWS ANN. Sec. 316.308(1) (Supp.1993).[2] (A. 142). The District Court additionally found that defendant had been hunting deer because the gun was loaded with buckshot and was sitting on the top of his car. Defendant argued that he had been engaged in a lawful activity because he was waiting for the store to open so he could get his license. The court found this explanation unworthy of credence because it was 4:30 in the afternoon when defendant was approached by the DNR. Furthermore, even if he had not been hunting, 1975 MICH.PUB.ACTS. 115, Sec. 1, in effect at the time, provided that "[i]t is unlawful for any person to carry or transport firearms ... in any area frequented by wild animals or wild birds, unless he has first procured and has in his possession a license to hunt...." Thus, there is ample support for the District Court's determination that defendant had possessed the firearm in an illegal manner and unlawfully used the firearm and did not possess it "solely for lawful sporting purposes."
 
 IV.
 
 11
 For the foregoing reasons, we AFFIRM defendant's conviction and sentence.
 
 
 
 [1]
 We note that since Driscoll, the Michigan Court of Appeals in People v. LeGrone, 517 N.W.2d 270 (Mich.App.1994), upheld the conviction of a defendant where a juror who had been convicted of a felony was allowed to remain on the jury after she had been challenged for cause by the prosecutor. The court held that the trial judge had discretion to deny the challenge and, in any event, that the defendant had waived the issue when he expressed satisfaction with the jury even though he had peremptory challenges remaining. LeGrone does not alter our analysis, however, because it does not address all the issues in Driscoll and it is not clear that the Michigan Supreme Court would reach the same result
 
 
 [2]
 This section provides that "[a] person shall not hunt deer during the firearm deer season without purchasing a firearm deer license."