**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William T. HOUSTON, Defendant–Appellant.**

**No. 98–5734.**

United States Court of Appeals, Sixth Circuit.

Argued July 20, 1999.

Decided Aug. 16, 1999.

Mary M. Kenner (argued and briefed), Asst. U.S. Attorney, Office of the U.S. Attorney, Knoxville, TN, for Plaintiff–Appellee.

Elizabeth B. Ford (briefed), Rita C. LaLumia (argued), Asst. F.P. Defenders, Federal Defender Services, Knoxville, TN; Leah J. Prewitt, Thomas J. Wright, Federal Defender Services of Eastern Tennessee, Greeneville, TN; William T. Houston, Leavenworth, KS, for Defendant–Appellant.

Before: WELLFORD, SILER, and GILMAN, Circuit Judges.

SILER, Circuit Judge.

William T. Houston was sentenced under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), after his conviction under § 922(g) for being a felon in possession of a firearm. His sentence was enhanced on the basis of three predicate violent felonies under the ACCA: felonious assault, escape, and murder. He appeals the use of his conviction for escape as a predicate violent felony under the ACCA. We affirm.

The sole legal issue is whether Houston's 1966 conviction for escape can be used as a predicate "violent felony" under 18 U.S.C. § 924(e). That statute provides for a fifteen-year minimum sentence for any person who violates § 922(g) after three previous convictions for a "vio-

lent felony," and defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, ... that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Houston was convicted under a 1966 Tennessee statute that did not define "escape" but merely prohibited "escaping or attempting to escape while confined in a county workhouse or jail upon any charge of or conviction of a criminal offense." If Houston's escape is to be deemed a violent felony, it must "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another," as it fits under none of the other possible categories of crimes in the ACCA. The issue is one of first impression in this circuit and has not been addressed by the Supreme Court. The Fourth and Tenth Circuits are the only two circuits which have ruled on the issue, and both held that escape is a "violent felony" for purposes of the ACCA because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* § 924(e)(2)(B)(ii); *United States v. Moudy*, 132 F.3d 618, 620 (10th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 1334, 140 L.Ed.2d 494 (1998); *United States v. Hairston*, 71 F.3d 115, 117–18 (4th Cir. 1995). *Moudy* and *Hairston* base their holding on their assessment that if officers or others interrupt an escape or attempt to recapture an escapee, there is a serious potential risk that injury will result.

■ In applying the ACCA, sentencing courts should use a "categorical approach," meaning that they should not use the actual facts of an individual's prior conviction but should instead look to the statutory definition of the crime charged. *Taylor v. United States*, 495 U.S. 575, 601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In *United States v. Kaplansky*, 42 F.3d 320 (6th Cir. 1994), because the statute in question did not have as a necessary element the use, attempted use or threatened use of force, this court applied the categorical approach and "examine[d] the statute exclusively for language that requires conduct that presents. a serious risk of physical injury to another." *Id.* at 323 (finding that although the Ohio kidnapping statute encompassed conduct which did not necessarily present a risk of injury to others, kidnapping was still a type of offense where the risk of physical injury to the victim is invariably present). *Kaplansky* also emphasized the import of the word "potential" in § 924(e)(2)(B)(ii).

*United States v. Harris*, 165 F.3d 1062, 1067 (6th Cir.1999), considered a statute making it a felony for:

> any person confined in a county workhouse or jail or city jail or municipal detention facility upon any charge of or conviction of a criminal offense constituting a felony to escape or attempt to escape therefrom.

*Harris* held that a conviction for escape under the statute was a "crime of violence" for purposes of "career offender" sentencing under USSG § 4B1.1. *See Harris*, 165 F.3d at 1067–68. USSG § 4B1.1 refers to § 4B1.2 for a definition of a "crime of violence" which is similar to the definition of a "violent felony" in the ACCA. The portion of the § 4B1.2 definition used in *Harris* includes as a crime of violence one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." That language is identical to the relevant language in the instant case. Because *Harris* found an escape statute quite similar to the one in question here to create a "crime of violence," or a felony "otherwise involv[ing] conduct that presents a serious potential risk of physi-

cal injury to another" under USSG § 4B1.2, it would be logically inconsistent for this court to find that escape is not a "violent felony" using identical language from the ACCA.

AFFIRMED.