**UNITED STATES of America, Plaintiff,**

**v.**

**Wiley T. NICHOLS, Jr., Defendant.**

**No. 1:92–CR–01.**

United States District Court,
W.D. Michigan,
Southern Division.

Dec. 15, 2000.

Donald Daniels, U.S. Attorney's Office, Grand Rapids, MI, for U.S.

Wiley T. Nichols, Leavenworth, KS, Pro se.

### *OPINION*

ENSLEN, Chief Judge.

This matter is before the Court on Defendant Wiley T. Nichols, Jr.'s ("Nichols") Motion for Correction of Sentence pursuant to 28 U.S.C. § 2255. The Court denies his Motion.

## I. Introduction

On January 8, 1992, the United States Attorney filed a single count Indictment in the Western District of Michigan charging Nichols with being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1). The Indictment also charged that Nichols should receive an enhanced sentence under 18 U.S.C. § 924(e) because he had at least three prior convictions for violent felonies: two breaking and entering convictions under Michigan Compiled Laws § 750.110, and an armed robbery conviction under Michigan Compiled Laws § 750.529. On January 17, 1992, Nichols, accompanied by counsel, appeared before this Court and pled guilty to Count One of the Indictment. Nichols filed no direct appeal of his case and filed no Motion pursuant to § 2255 at that time. On July 6, 2000, Nichols filed his Motion pursuant to § 2255. The government filed a response on August 23, 2000. Without leave of this Court, Nichols filed a traverse on September 6, 2000.

**II. Time Limit under § 2255**

In his present Motion, Nichols argues that he received an improper sentence from this Court because one of the requisite elements for his enhanced sentence under 18 U.S.C. § 924(e)(1) did not exist; namely, he did not have three prior violent felony convictions.[1] Nichols asserts that five of the six prior felony convictions used by the Government to enhance his sentence were not violent felonies for purposes of 18 U.S.C. § 924(e)(1)(B), and therefore his sentence for violation of 18 U.S.C. § 922(g) should not have been enhanced pursuant to 18 U.S.C. § 924(e)(1). Second, he asserts that under Michigan law, his rights were restored as to three of the prior convictions, and that this prohibits the Government from using these offenses as enhancements pursuant to 18 U.S.C. § 921(a)(20).

Without addressing Nichols' arguments in his Motion for Correction, the Court finds that his Motion fails because it is time-barred under 28 U.S.C. § 2255. Section 2255 provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Sixth Circuit Court of Appeals has stated that a one-year grace period be applied to motions under 28 U.S.C. § 2255 for all cases which became final before enactment of this time limitation. The grace period started on April 24, 1996, *see Ellis v. United States,* 1998 WL 777995 (6th Cir. Oct. 21, 1998), *United States v. Flores,* 135 F.3d 1000, 1006–07 (5th Cir. 1998), and ended April 24, 1997. *Hyatt v. United States,* 207 F.3d 831, 832 (6th Cir. 2000); *Rogers v. United States,* 180 F.3d 349, 355 (1st Cir.1999).

■ Nichols pled guilty to being a felon in possession of a firearm on January 17, 1992. Judgment in his case was entered on April 10, 1992. Nichols filed no direct appeal, and the Judgment became final on April 21, 1992. Nichols did not file his Motion for Correction until July 6, 2000. This filing date puts the timing of his

1. In his Motion for Correction, Nichols asserts that this Court can correct his sentence pursuant to 18 U.S.C. § 3582(c). Subsection 3582(c)(1)(B) has nothing to do with this Court's ability to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Therefore, the appropriate vehicle to address Nichols' Motion is § 2255, and the Court need not discuss Nichols' reference to § 3582.

Motion well beyond the 1–year grace period adopted by the Sixth Circuit Court of Appeals for Motions under 28 U.S.C. § 2255. Therefore, Nichols' Motion is time-barred under the 1–year grace period applied to 28 U.S.C. § 2255 motions by the Sixth Circuit Court of Appeals.

■ Notwithstanding this critical timing defect to his Motion, Nichols' Motion fails to meet any of the four criteria set forth in the statute. As indicated above, Nichols is time-barred from now making this Motion because he did not file it within the 1–year time limitation. In his original Motion, Nichols alleges no government-created impediment that violated the Constitution or laws of the United States and prevented him from filing the Motion in a timely manner. In his Traverse, Nichols argues that he did have an impediment to filing this present Motion under subsection (2), and that the recent removal of this impediment makes his Motion timely. Nichols maintains in his Traverse, for the first time, that because he was challenging one of these state-law convictions in the state system, and did not receive a final order on that conviction until July 27, 1999, this means his § 2255 Motion is timely. Nichols cites to *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), *Rust v. Zent,* 17 F.3d 155 (6th Cir.1994), and *Rogers v. Howes,* 144 F.3d 990 (6th Cir.1998), in support of this proposition. Nichols argument is mistaken and his cites are off the mark.

Nichols has failed to point out how § 2255(2) applies to his case. Simply because Nichols waited a significant period of time before challenging his state-court conviction does not mean that there was a governmentally created impediment in violation of the Constitution or laws of the United States that prevented Nichols from making a timely motion under § 2255. Nothing the government did, either at the state or federal level, caused Nichols to delay in challenging his state-court conviction. Nothing done by the government violated the Constitution or any laws of the United States. Therefore, subsection (2) simply does not apply to this case.

Contrary to Nichols' argument, the dicta in *Custis* does not support his position that this was a government-created impediment that prevented him from filing this Motion. The Supreme Court in *Custis* held that " § 924(e) does not permit [a defendant] to use the federal sentencing forum to gain review of his state convictions." *Custis,* 511 U.S. at 487, 114 S.Ct. 1732. The Supreme Court went on to say in dicta that a defendant, "who was still 'in custody' for purposes of his state conviction at the time of his federal sentencing under § 924(e), may attack his state sentences in [the state court] or through federal habeas corpus. If [the defendant] is successful in attacking these state sentences, he may then apply for reopening of any federal sentences enhanced by the state sentences." *Id.* Nichols was not in state custody when attacking his state conviction, and he was not successful in that attack. These two facts mean that the dicta in *Custis* provides no support for his argument.

Nichols' cites to *Rust* and *Rogers* are equally unavailing in his case. Both cases dealt with the exhaustion of state-law remedies under 28 U.S.C. § 2254, and not governmentally created impediments for filing § 2255 motions. They provide no support for the proposition that his late appeal in the Michigan court system is somehow an impediment, the removal of which would allow him to file a late § 2255 motion under subsection (2). These cases simply do not implicate subsection (2), and do not justify Nichols' untimely Motion.

Neither in his Motion nor in his Traverse does Nichols assert a newly recognized right by the United States Supreme Court made retroactively applicable to his case. Finally, Nichols alleges no new facts in his case that could not have been discovered within the 1–year limitation period. Because Nichols' Motion meets none of the requisite statutory criteria that might have allowed him to file this Motion more than eight years after the final Judgment in his

case, his Motion is time-barred under 28 U.S.C. § 2255.

### III. Violent Felonies under 18 U.S.C. § 924(e)(2)

Putting aside the fact that Nichols' Motion is time-barred, his Motion fails with regard to the issue of how many violent felonies he had at the time of his offense under the statute. Nichols argues that because five of his six prior convictions were not within the definition of a "violent felony" as defined by 18 U.S.C. § 924(e)(2)(B)(i) or (ii), he should not have been sentenced to the mandatory fifteen years pursuant to 18 U.S.C. § 924(e)(1).

Section 924(e)(2)(B) provides the following:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In determining whether a predicate offense is a violent felony warranting an enhancement for sentencing purposes under § 924(e), courts should use a "categorical approach." *Taylor v. U.S.*, 495 U.S. 575, 601, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Houston*, 187 F.3d 593, 594 (6th Cir.1999). The "categorical approach" means that a court "should not use the actual facts of an individual's prior conviction but should instead look to the statutory definition of the crime charged." *Houston*, 187 F.3d at 594.

Nichols' first offense, breaking and entering a business, as defined by Michigan law,[2] falls within the ambit of "burglary." *United States v. Fish*, 928 F.2d 185, 188 (6th Cir.1991) ("A conviction under the Michigan statute for breaking and entering ... a business place would constitute burglary under the *Taylor* definition.") The fact that Nichols' breaking and entering offense was of an unoccupied business is of no consequence. Under the guidelines set out in *Taylor*, "[a]ny specific, underlying facts regarding the offense should be irrelevant to a sentencing court's determination." *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir.1995); *United States v. Melton*, 149 F.3d 1185, at *1 (6th Cir. June 25, 1998) ("under no circumstances should a court consider the actual criminal conduct."). Thus, Nichols' conviction for breaking and entering a business is a "violent felony" for purposes of § 924(e)(2)(B).

Nichols second offense, escape from prison, is also a violent felony under § 924(e). *See Houston*, 187 F.3d at 593. As indicated previously, burglary of a business is a violent felony for purposes of § 924(e) making Nichols' third offense for burglary a violent felony under this section. Finally, Nichols' fourth offense, armed robbery, is also a violent felony under § 924(e). *See United States v. Brady*, 988 F.2d 664 (6th Cir.1993). These four violent felonies place Nichols squarely within the scope of § 924(e)(1) which requires three previous violent felony convictions for a sentence of fifteen years. Therefore, Nichols' sentence was in accordance with the requirements of 18 U.S.C. § 924(e)(1), and his Motion fails on this issue.

### IV. Restoration of Civil Rights under 18 U.S.C. 921

Nichols' most substantial and problematic argument is that because his civil rights

2. "Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, ... or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years." Mich.Comp. Laws § 750.110.

were restored under Michigan law for his prior convictions, he should not have received the enhanced sentence under § 924(c). He bases this argument on the Sixth Circuit Court of Appeals' recent ruling in *Hampton v. United States,* 191 F.3d 695 (6th Cir.1999). Nichols contends that according to the holding in *Hampton,* three of his six state-law convictions cannot be used for enhancement purposes under §§ 922(g) and 924(e) because his civil rights for these convictions were restored pursuant to § 921(a)(20) and Michigan law.

Sections 921(a)(20), 922(g)(1), and 924(e) all dovetail together, and thereby define both the crime of, and the prison time for being a felon in possession of a firearm. Section 922(g)(1) makes it a crime for a felon to possess a firearm. Section 924(e) establishes the enhancements and corresponding sentences for this crime. Finally, § 921(a)(20) spells out which jurisdiction's laws define what constitutes a conviction for purposes of this statute.

Nichols' argument hinges on § 921(a)(20), and the retroactive application of any case law interpreting this section. Section 921(a)(20) provides, in relevant part, the following:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which is expunged, or set aside or for which a person has been pardoned or has had his civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.

18 U.S.C. § 921(a)(20).

Until its decision in *Hampton,* the Six Circuit had held that "Michigan law [did] not fully restore a felon's civil rights for purposes of § 922(g) because a Michigan felon [was] restricted from serving on a jury." *Hampton,* 191 F.3d at 701. Upon the decision of a Michigan Court of Appeals in *Froede v. Holland Ladder & Mfg. Co.,* 207 Mich.App. 127, 523 N.W.2d 849 (1994), the Sixth Circuit revisited the issue of restoration of civil rights in *Hampton. See also United States v. Tait,* 54 F.Supp.2d 1100 (S.D.Ala.1999) (applying the holding in *Froede*); *United States v. Bolton,* 32 F.Supp.2d 461 (S.D.Tex.1999) (same).

In *Hampton,* the defendant was convicted under § 922(g) because he possessed a firearm and had a single prior felony offense. More than eight years had passed between the time of the felony conviction and the charged § 922(g) offense. The *Hampton* Court held that since under the decision in *Froede,* Michigan law restored the defendant's right to serve on a jury, in addition to his right to hold office and right to vote, that the defendant's civil rights had been restored under Michigan law. Given the fact that the defendant's civil rights were restored under Michigan law, his prior felony conviction could not count against him under § 921(a)(20) for purposes of § 922(g)(1). The *Hampton* Court vacated the defendant's sentence, and remanded the case to the district court to determine whether or not after its ruling, the defendant could establish actual innocence in order to overcome his § 2255 procedural default on this issue.

Nichols argues that according to the holding in *Hampton,* he should not have received a sentence enhancement under § 924(e)(1) because he did not have three prior violent felonies convictions. He bases this assertion on the premise that the decision in *Hampton* should retroactively apply to his § 2255 Motion, and that under *Hampton,* he did not have three prior violent felony convictions at the time of his recent offense. The threshold question then is whether the decision in *Hampton* can be applied retroactively to Nichols' case.

### A. Retroactive Application of a New Rule

In order to arrive at the issue of whether Nichols' civil rights were restored for purposes of §§ 921, 922, and 924, the Court must first determine if decision in Hampton is to be retroactively applied to Nichols' case.

In *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the United States Supreme Court held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." The Court later circumscribed this holding for purposes of cases on collateral review in its decision in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In *Teague,* a § 2254 case, the Court stated that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* at 310, 109 S.Ct. 1060. The Court in *Teague* also described two exceptions to this general rule: (1) "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe;'" and (2) "a new rule should be applied retroactively if it requires the observance of those procedures that ... are implicit in the concept of ordered liberty.'" *Id.* at 311, 109 S.Ct. 1060 (quoting *Mackey v. United States,* 401 U.S. 667, 692, 693, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring in part and dissenting in part)).

Based on these decisions, "the central issue of whether retroactivity applies is whether Teague applies." *Murr v. United States,* 200 F.3d 895, 905 (6th Cir.2000). "Teague applies if the new case for which retroactive effect sought announces a procedural rule; if the new case announces a substantive rule, Teague does not apply." *Id.* (citing *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). *Hampton* involves the substantive construction of a criminal statute. The *Hampton* Court examined the meaning of the term "conviction" in § 921(a)(20) in light of the decision in *Froede.* That Court determined that according to *Froede,* under Michigan law, a person does not have a "conviction" for purposes of §§ 921(a)(20) and 922(g)(1) if he has completed his sentence. Therefore, in light of *Bousley, Hampton* applies retroactively because it sets forth substantive law.

### B. Procedural Default

The determination that *Hampton* can be applied retroactively does not end the analysis. The scenario in this case mirrors that confronted by the United States Supreme Court in *Bousley.* Nichols never raised the issue of restoration of civil rights at the time of sentencing, nor did he raise the issue on direct appeal. Instead, he waited some eight years before raising the issue of his sentence in a motion under § 2255 after the decision in *Hampton.*

As enunciated by the United States Supreme Court, "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley,* 523 U.S. at 620–23, 118 S.Ct. 1604 (quoting *Reed v. Farley,* 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)). "Where a defendant procedurally defaults a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* (citations omitted); *Hampton v. United States,* 191 F.3d 695, 698–99 (6th Cir.1999). "Cause," according to the holding in *Bousley,* cannot be grounded in a defendant's belief in the "futility" of his argument. *Bousley,* 523 U.S. at 623, 118 S.Ct. 1604 ("'futility cannot constitute cause if it means simply that claim was unacceptable to that particular court at that particular time.'") (quoting *Engle v. Isaac,* 456 U.S. 107, 130 n. 35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). Nor can a defendant show "cause" based on

the belief that the legal basis for his or her claim is not reasonably available at the time. *Bousley,* 523 U.S. at 622, 118 S.Ct. 1604.

Although the government may have waived the procedural bar of "cause" and "prejudice" by failure to raise the issue,[3] the Court need not address the waiver issue because of its conclusion that Nichols cannot demonstrate "cause" under *Bousley. Grant v. United States,* 1998 WL 808240, at *2 (6th Cir. Nov. 13, 1998). Nichols has provided nothing persuasive to this Court regarding "cause" for his failure to file a direct appeal of his sentence under the standard enunciated in *Bousley.* Although prior to *Hampton,* the Sixth Circuit's interpretation of the restoration of civil rights under Michigan law bent against Nichols, that decision did not prevent Nichols from raising that issue on direct appeal. *See United States v. Gilliam,* 1996 WL 272392, 86 F.3d 1156 (6th Cir. May 20, 1996) (raising the issue post-Driscoll); *United States v. Reiche,* 1995 WL 6242, 47 F.3d 1172 (6th Cir. Jan. 5, 1995) (same); *Fish v. United States,* 1994 WL 577177, 38 F.3d 1215 (6th Cir. Oct. 18, 1994) (same); *White v. United States,* 1994 WL 514524, 36 F.3d 1098 (6th Cir. Sept. 20, 1994) (same).

Nor can Nichols assert actual innocence. Based on the facts and admissions contained in his own Motion, Nichols was a felon when he possessed the firearm in question. Therefore, the Court finds that Nichols procedurally defaulted his claims, and the Court must deny his Motion. The Sixth Circuit's reasoning and decisions in *Gilliam v. United States,* 2000 WL 553919 (6th Cir. Apr. 28, 2000) (stating that defendant did not procedurally default his claim and need not show cause and prejudice because he had raised it on direct appeal, and there was an intervening change in the law under *Hampton* that allowed him to raise the issue again in a § 2255 motion), and *Hampton* support this determination.

## V. Conclusion

Based on the tardiness of his Motion under § 2255, and his inability to show "cause" for failure to raise the issue at sentencing or on direct appeal, the Court must deny Nichols' Motion. In finding that Nichols' Motion is both time-barred and procedurally-defaulted, the Court need not reach the issue of whether Nichols' civil rights were restored under Michigan law as to certain of his prior convictions.

## VI. Certificate of Appealability

This Court will grant a certificate of appealability for Nichols' Motion under 28 U.S.C. § 2253(c)(1)(B). Under Section 2253(c)(2), a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for a certificate of appealability when a district court denies a petition on procedural grounds is as follows:

> a COA should issue when the prisoner shows, at least, that jurist of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurist of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).

Nichols has made a "substantial showing of the denial of a constitutional right" in his Motion. As indicated above, Nichols' arguments are compelling, regardless of the lethal timing and procedural defects in his Motion. His issue does present a showing of the denial of a constitutional right, and a jurist of reason would find it

3. The Court is under no obligation to raise the issue of procedural bar *sua sponte. See Mathews v. United States,* 11 F.3d 583, 587 n. 2 (6th Cir.1993); *Grant v. United States,* 1998 WL 808240, at *2 n. 3 (6th Cir. Nov. 13, 1998).

debatable whether Nichols stated a valid claim of a denial of a constitutional right.

*ORDER*

**IT IS HEREBY ORDERED** that Defendant Nichols' Motion for Correction of Sentence (Dkt. No. 14) is **DENIED.**

In accordance with the Opinion issued this date,

**IT IS FURTHER ORDERED** that a certificate of appealability for Defendant Nichols' Motion for Correction of Sentence on the issues of the retroactivity of *Hampton* and "cause" for procedural default (Dkt. No. 14) is **GRANTED.**