**Vincent LANHAM, Defendant–Appellant,**

v.

**UNITED STATES of America, Plaintiff–Appellee.**

No. 98–6167.

United States Court of Appeals, Sixth Circuit.

Feb. 15, 2001.

Before MERRITT, WELLFORD, and SILER, Circuit Judges.

PER CURIAM.

Defendant Vincent Lanham appeals his sentence based upon the district court's ruling that attempted carnal knowledge of a female over sixteen qualifies as a predicate violent felony offense for sentencing under the Armed Career Criminal Act ("ACCA"). He also objects to the potential use of his felony escape conviction as a substituting offense under the Act. The United States argues that Lanham waived

his right to appeal as he failed to raise any objections to the presentence report ("PSR") and orally affirmed his agreement with it during the sentencing hearing. We AFFIRM the sentence.

Lanham pled guilty to two counts of felony possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). Because he had three prior violent felony convictions for sexual assault, aggravated sexual battery, and aggravated assault, the PSR categorized him as an armed career criminal under 18 U.S.C. § 924(e). Specifically, Lanham pled guilty to attempted carnal knowledge of a female over sixteen when he was charged with sexual assault in Michigan. He was also convicted of felony escape in Tennessee. As an armed career criminal, Lanham was subject to a statutory minimum sentence of fifteen years, rather than a sentencing range of eight to fourteen months. At the sentencing hearing, no objections were raised by either party to the district court's adoption of the PSR's factual findings and sentencing calculation. Subsequently. Lanham filed this appeal claiming that the district court committed plain error in his sentencing when it classified attempted carnal knowledge as a violent offense.

In deciding if an error occurred, this court reviews de novo the district court's classification of a crime as a violent felony offense under the ACCA. *See United States v. Garza*, 999 F.2d 1048, 1051 (6th Cir.1993). "Where, as here, a criminal defendant has failed to object below, he or she must demonstrate that the error was plain as defined by Fed.R.Crim.P. 52(b) before we may exercise our discretion to correct the error." *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998), *cert. denied*, 526 U.S. 1030, 119 S.Ct. 1278, 143 L.Ed.2d 371 (1999).

■ The United States argues that Lanham waived his right to raise this ob-

jection on appeal. Lanham states that his objection is reviewable for plain error as his failure to raise it before the district judge is a reviewable forfeiture, not a waiver.

■ "Rule 52(b) defines a single category of forfeited-but-reversible error." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). "Deviation from a legal rule is 'error' unless the rule has been waived." *Id.* at 732–33, 113 S.Ct. 1770. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Id.* at 733, 113 S.Ct. 1770 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). "If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection." *Id.* at 733–34, 113 S.Ct. 1770.

The sentencing process specifically provides an opportunity for both parties to review the PSR so they can raise objections before the district court. Here, Lanham had the opportunity to examine the PSR's classification of him as an armed career criminal and its sentencing enhancement. His failure to make any objection before the district court operates as a knowing and voluntary waiver of his right to raise this objection on appeal. Thus, this court is precluded from reviewing his claim of error regarding his sentencing as an armed career criminal. *See United States v. Kincaide*, 145 F.3d 771, 784–85 (6th Cir.1998), *cert. denied sub nom. Key v. United States*, 525 U.S. 1166, 119 S.Ct. 1085, 143 L.Ed.2d 86 (1999); *cf. Koeberlein*, 161 F.3d at 949.

■ However, even if Lanham's failure to object is deemed a forfeiture, the

district court did not commit plain error in finding that attempted carnal knowledge of a female over sixteen qualified as a predicate violent offense for sentencing under the ACCA. In order for a court of appeals to correct a lower court's sentencing decision, the objecting party must show: "1) that an error occurred in the district court; 2) that the error was plain, *i.e.*, obvious or clear; 3) that the error affected defendant's substantial rights; and 4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Koeberlein*, 161 F.3d at 949.

Under 18 U.S.C. § 924(e)(2)(B), a violent felony means any crime punishable by more than one year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "otherwise involves conduct that presents a serious potential risk of physical injury to another." Lanham argues that an attempt of an offense does not necessarily include the use, attempted use, or threatened use of physical force, and that a defendant's conduct must meet a threshold of risk of physical injury in order to qualify as a violent felony. *See United States v. Weekley*, 24 F.3d 1125, 1126–27 (9th Cir.1994). The position articulated in *Weekley*, however, was rejected by this court in *United States v. Bureau*, 52 F.3d 584, 591–92 (6th Cir. 1995).

▪ In deciding whether a crime is a violent felony under § 924(e)(2)(B), this court examines the statutory definition of the crime charged, rather than the facts of the individual's prior conviction. *See United States v. Kaplansky*, 42 F.3d 320, 322 (6th Cir.1994) (citing *Taylor v. United States*, 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Michigan's offense of carnal knowledge applies to one who ravishes and carnally knows any female sixteen years or older by force and against her will. "Such carnal knowledge shall be deemed complete upon proof of any sexual penetration however slight." Mich. Com. Laws § 750.520 (1970).

In pleading guilty to attempted rape, Lanham admitted that he perpetrated "an act towards the commission of" unlawful carnal knowledge, an offense which requires that a person have penetrating sexual contact with another against that person's will and by force. Mich. Com. Laws §§ 750.520, 750.92 (1970). Thus, this offense satisfies the first prong of the violent felony test. In regard to the second prong, this court in *Kaplansky* stated that, "merely because [a] defendant did not complete [the crime] does not diminish the potential risk of injury to the victim," particularly in cases where "the potential for violence against the victim is an inherent aspect of the crime ...." *Kaplansky*, 42 F.3d at 324. Thus, the district court did not err in finding that the attempt of carnal knowledge of a female over sixteen constituted a violent felony.

Even if the attempt of carnal knowledge was not a violent felony, Lanham acknowledges that in this circuit, felony escape is a violent felony under the ACCA. *See United States v. Houston*, 187 F.3d 593 (6th Cir.1999). In conclusion, Lanham's failure to object during his sentencing hearing operates as a waiver of his right to appeal. Nevertheless, the district court did not commit plain error when it treated his conviction for attempted carnal knowledge of a female over sixteen as a predicate violent offense under the ACCA.

AFFIRMED.