**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeff MEDLEY, Defendant–Appellant.**

No. 02–6453.

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2003.

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western

R. Dee Hobbs, Bell & Hobbs, Chattanooga, TN, for Defendant–Appellant.

Before: BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

### ORDER

Jeff Medley, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2002, Medley pleaded guilty to conspiring to manufacture and distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), possessing equipment, chemicals, and products used in the manufacture of methamphetamine in violation of 21 U.S.C. § 843(a)(6), and attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The district court sentenced Medley to a total of 225 months of imprisonment.

Medley has filed a timely appeal, arguing that the district court improperly considered his prior escape conviction as a crime of violence under USSG § 4B1.2 when it sentenced him as a career offender under the guidelines.

The district court properly sentenced Medley as a career offender. Medley argues that the court should not have considered his escape conviction as a predicate offense for career offender purposes, because the escape did not involve violence or the threat of violence. He also notes

District of Michigan, sitting by designation.

that the statute defining the offense does not contain as an element the use or threatened use of violence.

Medley's argument lacks merit. While this court gives due deference to a district court's application of the Sentencing Guidelines to the facts, it reviews de novo a district court's legal conclusion as to whether the facts warrant application of a particular guideline. *See United States v. Comer,* 93 F.3d 1271, 1278 (6th Cir.1996). A defendant is subject to enhanced penalties as a career offender under the guidelines if: 1) he was at least 18 years old at the time of the instant offense; 2) the instant offense is a felony that is either a crime of violence or one involving a controlled substance; and 3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See* USSG § 4B1.1; *United States v. Coleman,* 964 F.2d 564, 565–66 (6th Cir.1992). A crime of violence is any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that involves conduct that presents a serious potential risk of physical injury to another. *See* USSG § 4B1.2.

The district court properly sentenced Medley as a career offender. It is undisputed that Medley meets the first two criteria for sentencing as a career offender, as he was at least eighteen years of age at the time of the instant offense, and his current offense is a felony crime of violence. In addition, the record reflects that the district court properly considered Medley's 1985 escape conviction as one of two prior felony convictions for either a crime of violence or a controlled substance offense. A prior felony conviction qualifies as a crime of violence if the crime meets any of the following three criteria: it is one of the crimes specifically enumerated in § 4B1.2, or "it has as an element the use, attempted use, or threatened use of physical force against the person of another" (§ 4B1.2(a)(1)), or it "is burglary of a dwelling ... or otherwise involves conduct that presents a serious potential risk of physical injury to another" (§ 4B1.2(a)(2)). *See United States v. Payne,* 163 F.3d 371, 373 (6th Cir.1998). This court has held that the crime of escape otherwise involves conduct that presents a serious potential risk of injury to another. *See United States v. Harris,* 165 F.3d 1062, 1067–68 (6th Cir.1999); *cf. United States v. Houston,* 187 F.3d 593, 594 (6th Cir.1999) (escape is also a "violent crime" for purposes of the Armed Career Criminal Act). In *Harris,* this court stated that escape, by its nature, presents a serious potential risk of physical injury and thus constitutes a crime of violence under § 4B1.2(a)(2). *See Harris,* 165 F.3d at 1067–68. In addition, at least two other circuits have held that the crime of escape constitutes a crime of violence under § 4B1.2. *See United States v. Mitchell,* 113 F.3d 1528, 1533 (10th Cir. 1997); *United States v. Dickerson,* 77 F.3d 774, 776–77 (4th Cir.1996). Hence, the district court properly considered his 1985 escape as a crime of violence.

Medley concedes that circuit precedent is against him, but nonetheless requests the court to reconsider its previous rulings. The court should decline the request. One panel of this court cannot overturn a decision of another panel; only the court sitting en banc may do so. *United States v. Smith,* 73 F.3d 1414, 1419 (6th Cir.1996).

Accordingly, we affirm Medley's judgment of conviction and sentence.