23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 T.J. THOMPSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2219.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1994.
 
 Before: MILBURN and GUY Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 T.J. Thompson, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentenced filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In May 1990, a jury convicted Thompson of conspiracy to distribute cocaine and of being a felon in possession of firearms. He was sentenced to twenty-five years of imprisonment. This court affirmed Thompson's conviction on appeal.
 
 
 3
 In his motion to vacate sentence, Thompson argued that he received ineffective assistance of counsel because counsel did not object to: 1) the lack of sufficient evidence establishing a conspiracy; 2) the lack of evidence that Thompson possessed over 500 grams of cocaine; 3) the erroneous information contained in Thompson's presentence report; and 4) the district court's failure to question Thompson at the sentencing hearing about whether he had read or wished to challenge the report. The district court concluded that Thompson's claims lacked merit and denied the motion.
 
 
 4
 On appeal, Thompson continues to press his ineffective assistance of counsel claim. In addition, he argues that there was insufficient evidence to establish his guilt and that the district court erred when it failed to resentence him based upon new evidence contained in his motion to vacate sentence. Thompson has also filed a motion for the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment because Thompson has not shown any defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Thompson's ineffective assistance of counsel claim is without merit. Thompson has not established that counsel's performance was deficient, and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Nor has Thompson shown that counsel's performance fell outside the wide range of reasonable professional assistance, and that it fell below an objective standard of reasonable conduct. See Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991). Finally, we decline to address Thompson's two new claims raised on appeal as they were not initially raised in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 7
 Accordingly, we deny the appointment of counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.