UNITED STATES of America,
Plaintiff–Appellee,

v.

T.J. THOMPSON, Defendant–Appellant.

No. 02–1465.

United States Court of Appeals,
Sixth Circuit.

Dec. 16, 2002.

Before BATCHELDER and MOORE,
Circuit Judges;  and COLLIER, District

Judge.[*]

## ORDER

This is an appeal from a district court judgment denying a Fed.R.Civ.P. 60(b) motion for relief from judgment directed to a previous criminal conviction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, T.J. Thompson was charged with conspiring to distribute cocaine and cocaine base and of being a felon in possession of firearms in the Eastern District of Michigan. A jury found him guilty of both counts and the district court sentenced him on February 14, 1991, to a total of 300 months in prison followed by five years of supervised release. A panel of this court affirmed Thompson's conviction and sentence on direct appeal. *United States v. Thompson*, No. 91–1353, 1992 WL 217725 (6th Cir. Sept.9, 1992) (unpublished). Another panel of this court affirmed a subsequent district court decision to deny Thompson's § 2255 motion to vacate his sentence. *Thompson v. United States*, No. 93–2219, 1994 WL 151362 (6th Cir. Apr.27, 1994) (order). A third panel of this court affirmed a decision denying Thompson's Fed.R.Crim.P. 33 motion for a new trial. *United States v. Thompson*, No. 95–1272, 1997 WL 299359 (6th Cir. June 4, 1997) (order).

■ In a motion entered March 8, 2002, Thompson filed a Fed.R.Civ.P. 60(b)(6) motion for relief from judgment directed, however vaguely, to his felon / firearm conviction. The district court summarily denied the motion and this appeal followed.

Thompson has filed a brief without benefit of counsel. The United States has filed a suggestion that this court treat this appeal as a motion for permission to file a successive motion to vacate sentence on the authority of 28 U.S.C. § 2244.

On March 8, 2002, the Eastern District of Michigan entered on that court's docket a motion filed by Thompson under the original docket number of his 1991 criminal conviction, Case No. 89–50012. Thompson, incarcerated in the Northern District of Ohio, styled his motion as one seeking relief under Civil Rule 60(b)(6) and advanced the theory that he is entitled to collateral relief from his 1991 felon / firearm conviction on the strength of *Hampton v. United States*, 191 F.3d 695 (6th Cir.1999). In *Hampton*, a panel of this court concluded that Michigan law restores a convicted felon's civil right to sit on jury upon completion of his sentence. *Id.* at 702–03 (interpreting *Froede v. Holland Ladder & Mfg. Co.*, 207 Mich.App. 127, 523 N.W.2d 849 (1994)). While Thompson's motion is not a model of clarity, it is possible to discern from his disjointed factual and legal citations an intention to mount what would be, in effect, at least his second collateral challenge to his 1991 felon / firearm conviction in the Eastern District of Michigan.

The district court summarily denied Thompson's motion a month after the motion was accepted for filing. The court concluded that the motion was, in reality, a second or successive motion under § 2255 for which Thompson had not obtained permission from the Sixth Circuit to file. The court consequently ordered that the motion was denied.

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Thompson took an appeal from this judgment and has filed an appellate brief in his own behalf. The United States has filed a pleading with this court in which they urge the court to re-characterize the notice of appeal as a motion seeking permission to file a second or successive motion to vacate sentence under 28 U.S.C. § 2244.

The district court's decision to deny the motion on the merits is contrary to established Sixth Circuit case law. Thompson's "Rule 60(b)(6)" motion was a collateral challenge to his conviction on grounds not previously raised in his initial § 2255 motion. "[A] Rule 60(b) motion is the practical equivalent of a successive habeas corpus petition and therefore is subject to a cause and prejudice analysis." *McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir. 1996) (pre-AEDPA discussion of 28 U.S.C. § 2254). When a defendant "raises new claims in a Rule 60(b) motion challenging the denial of a § 2255 motion, the Rule 60(b) motion must be construed as an attempt by the petitioner to file a second motion to vacate." *Homrich v. United States*, 205 F.3d 1340, 1999 WL 1206903, at *2 (6th Cir.1999) (unpublished). Thompson, however, did not have permission from this court to file a second or successive motion to vacate sentence. In this circuit, such unauthorized motions are to be transferred to this court for the necessary § 2244 certification. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). Thus, the district court's decision to deny the motion on the merits was error. The district court should have referred the matter to this court in the first instance to see if Thompson would be given permission to file the motion, or its properly styled equivalent. In the interest of judicial economy, the judgment on appeal will therefore be vacated and the question of whether Thompson should be given permission to file his

motion will be considered in this proceeding.

Thompson cannot be given permission to file his proposed second § 2255 collateral challenge to his felon / firearm conviction. An appellate panel may not authorize the filing of a second or successive motion to vacate unless it can certify that the motion contains:

1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3). Permission to file a second or successive motion to vacate cannot be granted unless the applicant makes a prima facie showing that he is entitled to relief. *See* 28 U.S.C. § 2244(b)(3)(C).

The initial question presented by this motion is whether *Hampton*, a decision rendered after Thompson's conviction became final, may now be used in his proposed successive collateral attack on his conviction as "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. The Supreme Court held that, in this context, a new rule of constitutional law is "made retroactive to cases on collateral review" not through the application of traditional retroactivity rules by the Courts of Appeals, but only through an express holding of the Supreme Court. *Tyler v. Cain*, 533 U.S. 656, 661–64, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (construing 28 U.S.C. § 2244(b)(3)(A)). *Hampton* plainly was neither a new rule of federal constitutional

law nor a Supreme Court decision. This court may therefore not grant Thompson permission to file a second § 2255 motion on this basis.

Accordingly, the district court's judgment is vacated, the appeal is re-characterized as an action seeking permission to file a second or successive motion to vacate sentence, and the re-characterized action is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.